Steven T. Gubner - Bar No. 156593
Richard D. Burstein - Bar No. 56661
Corey R. Weber - Bar No. 205912
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile:  818.827.9099
Email:     sgubner@ebg-law.com
           rburstein@ebg-law.com
           cweber@ebg-law.com

Attorneys for David Seror, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>AUTOMATED FINANCE CORPORATION fka AUTOMATED FINANCIAL, LLC, dba Out of BK.com; dba 520debt.com; dba Calabasas Financial Center Mortgages; dba FHA1FHA.com,<br><br>Debtor. | Case No. 1:08-bk-14339 MT<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID SEROR IN SUPPORT THEREOF**<br><br>(no hearing required pursuant to Local Bankruptcy Rule 9013-1(o)(1)) |

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL INTERESTED PARTIES:**

David Seror, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Automated Finance Corporation fka Automated Financial, LLC, dba Out of BK.com; dba 520debt.com; dba Calabasas Financial Center Mortgages; dba FHA1FHA.com (the "Debtor"), hereby moves the Court for entry of an order approving (1) the settlement agreement between the Trustee and International City Bank (the "ICB Agreement"), and (2) the settlement agreement among the Trustee, InSouth Bank, and InSouth Funding (the "InSouth Agreement", collectively with the ICB Agreement, the "Agreements"), pursuant to Federal Rule of Bankruptcy Procedure 9019.

1

True and correct copies of the ICB Agreement and InSouth Agreement are attached hereto as Exhibit 1 and Exhibit 2, respectively, to the accompanying Declaration of David Seror.

### ICB Agreement

The ICB Agreement concerns the resolution of rights to funds held in the Debtor's CD account #105623 (the "CD Account"). International City Bank ("ICB") asserts a perfected security interest in the funds held in the CD Account in the approximate amount of $1,067,000. The Trustee contends that the granting of the security interest to ICB qualifies as a fraudulent transfer that is avoidable by the Trustee for the benefit of Debtor's estate (the "Estate") because the Debtor provided security for loans to Nurit Petri and Michael Stewart, its principals. ICB denies liability and asserts numerous defenses. The pertinent terms of the ICB Agreement are as follows:

1. The ICB Agreement is subject to Court approval;
2. ICB will pay $25,000.00 to the Trustee (the "ICB Payment");
3. The Trustee will release ICB of all claims the Estate has held, now holds, or hereafter may hold against ICB, including, but not limited to, all claims under 11 U.S.C. § 544, 545, 547, 548, 550, and 553;
4. ICB will release the Trustee of all claims ICB has held, now holds, or hereafter may hold against the Trustee;
5. ICB will be granted relief from the automatic stay to exercise its rights and remedies pursuant to the terms of that certain Assignment Agreement, as specified in further detail in the ICB Agreement.

### InSouth Agreement

The InSouth Agreement concerns the resolution of rights to funds held in the Debtor's account with InSouth Bank (the "InSouth Account"). InSouth Funding asserted a perfected security interest in the funds held in the InSouth Account and exercised its asserted rights by directing InSouth Bank to transfer funds in the InSouth Account to InSouth Funding. The Trustee contends that InSouth Funding did not perfect its security interest in the InSouth Account, that the transfer of the funds was a post petition transfer in violation of the automatic stay, and that, as a result, the transfer of the funds from the InSouth Account to InSouth Funding was void and recoverable by the Estate. InSouth denies the Trustee's contentions and asserts numerous defenses, including that it was fully secured in the funds and would remain so even if it

momentarily has to return the funds to the estate.

The pertinent terms of the InSouth Agreement are as follows:

1. The InSouth Agreement is subject to Court approval;
2. InSouth Funding will pay $5,000.00 to the Trustee (the "InSouth Payment");
3. The Trustee will release InSouth Funding of all claims the Estate has held, now holds, or hereafter may hold against InSouth Fundng, including, but not limited to, all claims under 11 U.S.C. § 544, 545, 547, 548, 550, and 553;
4. InSouth Funding will release the Trustee of all claims InSouth Funding has held, now holds, or hereafter may hold against the Trustee;
5. InSouth will be granted relief from the automatic stay, *nunc pro tunc* to June 26, 2008, to exercise its rights and remedies pursuant to the terms of those certain Loan Documents, as specified in further detail in the InSouth Agreement.

The Agreements are fair and reasonable as they will provide the estate with a significant recovery, minimize administrative expense, and reduce the hardship to the Debtor. The Agreements were entered into in good faith and negotiated at arms length.

This Motion is based upon the Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declaration of David Seror, as well as such other and further grounds as may be properly presented to the Court. This Motion has been served upon the Debtor, the United States Trustee, the parties to the Agreement, and all persons requesting special notice in the Case.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(o) any person who opposes this Motion must file with the Court and serve upon the Trustee at the address set forth above a response and request for hearing no later than fifteen (15) days from the date of service of this Notice. Any party who fails to file a response and request for hearing as set forth above may be deemed by the Court to have consented to the granting of the requested relief without a hearing.

Dated: June 29, 2009

EZRA BRUTZKUS GUBNER LLP

By: _____
Richard D. Burstein
Attorneys for Chapter 7 Trustee, David Seror

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## Introduction

This Motion seeks Court approval of the Agreements described in the Notice. The Agreements provide $30,000 to the estate without resort to litigation. They are the result of independent analysis and arms length negotiation by the parties. In the Trustee's business judgment, they represent a fair resolution of the disputes involved in the Agreements.

## II.

## Facts

On June 26, 2008 an involuntary chapter 7 petition was filed for the Debtor in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Court"), commencing bankruptcy case number 1:08-bk-14339 MT. Thereafter, the Trustee was appointed and remains the duly appointed and acting chapter 7 trustee of the Estate.

Among the assets of the Estate are (1) claims against InSouth Funding arising from the alleged post petition transfer of funds from the InSouth Account, (2) claims against ICB in connection with the granting of a security interest in the CD Account to ICB, and (3) funds in the InSouth Account and in the CD Account. The Trustee believes that these assets may be valuable, but acknowledges that any recovery outside of consensual resolution would require expending significant resources and attorney fees, which would be paid out of the Estate.

The parties to the Agreements have decided to resolve all disputes arising out of the CD Account and the InSouth Account and enter into the Agreements. The pertinent terms of each Agreement are as follows:

### ICB Agreement

1. The ICB Agreement is subject to Court approval;
2. ICB will pay $25,000.00 to the Trustee (the "ICB Payment");
3. The Trustee will release ICB of all claims the Estate has held, now holds, or hereafter may hold against ICB, including, but not limited to, all claims under 11 U.S.C. § 544, 545, 547, 548, 550, and 553;
4. ICB will release the Trustee of all claims ICB has held, now holds, or hereafter may hold against the Trustee;

4

5.  ICB will be granted relief from the automatic stay to exercise its rights and remedies pursuant to the terms of that certain Assignment Agreement, as specified in further detail in the ICB Agreement.

### InSouth Agreement

1. The InSouth Agreement is subject to Court approval;
2. InSouth Funding will pay $5,000.00 to the Trustee (the "InSouth Payment");
3. The Trustee will release InSouth Funding of all claims the Estate has held, now holds, or hereafter may hold against InSouth Funding, including, but not limited to, all claims under 11 U.S.C. § 544, 545, 547, 548, 550, and 553;
4. InSouth Funding will release the Trustee of all claims InSouth Funding has held, now holds, or hereafter may hold against the Trustee;
5. InSouth Funding will be granted relief from the automatic stay, *nunc pro tunc* to June 26, 2008, to exercise its rights and remedies pursuant to the terms of those certain Loan Documents, as specified in further detail in the InSouth Agreement.

Full terms are set forth in the actual Agreements, which are appended to the accompanying Declaration of David Seror.

## III.

## Discussion

**A.  The Court may approve the Agreements.**

Federal Rule of Bankruptcy Procedure 9019 provides in part that the Court may approve a compromise upon motion by the trustee and after an opportunity for a hearing on notice to all creditors and all interested parties.

The standards to be applied to the approval of a settlement include the probability of success on the litigation on its merits, the difficulties in collection on a judgment, the complexity of the litigation involved, the expense, inconvenience or delay occasioned by the litigation, and the interests of the creditors. *In re A&C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert den. Martin v. Robinson*, 479 U.S. 854, 1-7 S.Ct. 189 (1989); *In re America West Airlines, Inc.*, 214 B.R. 382 (Bankr. D. Ariz. 1997).

Although the court is to consider the range of results in litigation, "the court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated." *In re Hermitage Inn, Inc.*, 66 Bankr. 71, 72 (bankr. D. Colo.

1986).

The factors set forth in *In re A&C Properties* support approval of the Agreements. As with all litigation, the probability of success in any potential litigation against both InSouth Funding and ICB is subject to dispute and will be contested heavily. In order to recover against InSouth Funding and ICB, the Trustee would need to establish, among other things: (1) that InSouth Funding did not perfect its security interest in the InSouth Account, and (2) that ICB did not provide reasonably equivalent value to the Debtor in exchange for the Debtor's granting of a security interest. Proving these allegations will be difficult, with no guarantee of success, and certainly will require substantial expenditures, as both InSouth and ICB would litigate all issues. As to InSouth, while not free from doubt, applicable facts and law pose a significant risk of loss to the Trustee in any claim that InSouth was not properly perfected in the monies made the subject of the claims. The funds were in the possession of InSouth and InSouth contends it was consequently fully secured therein and that any post petition transfer was at best an act requiring it to replace funds in which it would remain fully secured. As to ICB, again, while not free from doubt, applicable facts and law pose a significant risk of loss to the Trustee in claims that the loan transactions at issue represents a fraudulent transfer of the Debtor's property. The lending history preceding and including the transfers involved in this claim would make the Trustee's showing that the instant transfer was for less than reasonably equivalent value difficult. To the extent that the Trustee has publicly asserted a unity between the Debtor, Nurit Petri and Mitchell Stewart and their related entities, for the Trustee to now assert a fraudulent transfer claim grounded on the separateness of these persons might pose problems for the Trustee.

**B.     The Agreements are fair and reasonable and in the best interest of the estate**

This solution affords a recovery to the estate, minimizes administrative expense and reduces the hardship to the Debtor. Utilizing applicable standards, the proposed settlement is in the best interest of the Estate. Accordingly, the Trustee requests that this Court enter an order pursuant to Bankruptcy Rule 9019 authorizing the Trustee to enter into the Agreements and approving the terms of the compromise as agreed upon by all parties.

6

### C. An order is appropriate without a hearing

Local Bankruptcy Rule 9013-1(o) permits the within motion be brought on notice, no hearing required, subject to timely proper objection and then hearing.

The Trustee believes that the no hearing procedure established by Local Bankruptcy Rule 9013-1(o) is appropriate in the case since: (1) it provides notice and opportunity for a hearing to all parties entitled to notice; (2) it reduces the costs to the Estate by alleviating the need for an appearance; and (3) the Trustee does not anticipate any opposition to this Motion.

## IV.

## Conclusion

The Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Approving the Agreements with ICB, InSouth Funding, and InSouth Bank as outlined above;

3. Authorizing the Trustee to execute any documents or take any actions reasonably necessary to effectuate the terms of the Agreements; and

4. Granting other and further relief as this Court may deem just and proper.

Dated: June 29, 2009

EZRA BRUTZKUS GUBNER LLP

By: /s/ Richard D. Burstein
Richard D. Burstein
Attorneys for Chapter 7 Trustee, David Seror

# DECLARATION OF DAVID SEROR

I, David Seror, declare:

1. I am the chapter 7 trustee ("Trustee") of the bankruptcy estate (the "Estate") of Automated Finance Corporation (the "Debtor") in the above captioned case. I know each of the following facts to be true of my own personal knowledge and, if called as a witness, I could and would competently testify with respect thereto. I am submitting this declaration in support of the Motion of Chapter 7 Trustee for Order Approving Settlement Agreements (the "Motion"). All terms as defined in the Motion and Settlement Agreements (the "Agreements") are incorporated by this reference. A complete and accurate copy of the fully executed ICB Agreement is attached hereto as Exhibit 1 and of the InSouth Agreement as Exhibit 2.

2. The Agreements concern disputes arising out of the CD Account and the InSouth Account. I approve the Agreements and have signed them. The foregoing motion accurately reflects the analysis leading to my decision to do so.

3. The Agreements will provide a return to the estate. At the present time, I can make no prediction on the disposition of claims in this case.

4. I believe in my business judgment that the Agreements are fair and reasonable and in the best interest of the Estate and its creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of May, 2009, at _____, California.

David Seror

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into by and between David Seror (the "Trustee"), solely in his capacity as the chapter 7 trustee for Automated Finance Corporation (the "Debtor"), and International City Bank ("ICB"). The Trustee and ICB shall be referred to individually as "Party" and collectively as the "Parties".

### RECITALS

A. On June 26, 2008 an involuntary chapter 7 petition was filed for Debtor in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Court"), commencing bankruptcy case number 1:08-bk-14339 MT.

B. Thereafter, the Trustee was appointed and remains the duly appointed and acting chapter 7 trustee of the Debtors' bankruptcy estate (the "Estate").

C. ICB asserts a perfected security interest in the funds held in Debtor's CD account #105623 (the "Account"). The funds in the Account are asserted to secure the guaranty by Debtor of an obligation due to ICB by Mitchell Stewart and Nurit Petri ("Stewart & Petri").

D. On or about Feb 15, 2008, ICB loaned $1,034.627.54 to Stewart and Petri (the "Loan"). The Loan was guaranteed by Debtor (the "Guaranty"), which pledged the Account with an approximate balance of $1,067,000 as security for the Guaranty pursuant to that certain Assignment of Deposit Account (the "Assignment Agreement").

E. The Trustee contends that the granting of the security interest in the Account qualifies as a fraudulent transfer that is avoidable and recoverable by the Estate.

D. The Parties have decided to settle all disputes relating to the alleged fraudulent transfer and enter into this Agreement, which provides, among other conditions, for the payment by ICB of $25,000 to the Trustee in exchange for a release of all claims and causes of action that the Estate may hold against ICB.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals, the mutual undertakings contained in this Agreement, and other good and valuable consideration, the Parties agree as follows:

1. Payment. ICB shall pay to the Trustee the total sum of Twenty-Five Thousand Dollars ($25,000) (the "Payment") within 10 days of entry of an order by the Court approving this fully executed Agreement. The Payment shall be made by cashier's check made payable to "David Seror, Chapter 7 Trustee" and delivered to his attorney of record in the time herein provided.

BN 3405618v2

# EXHIBIT 1

9

2.  **Relief From Stay.** ICB shall be granted relief from the stay of 11 U.S.C. § 362 to exercise its rights and remedies pursuant to the terms of the Assignment Agreement and other related documents, including the right to reduce the obligations owed by Debtor to ICB by applying the funds held in the Account.

3.  **Waiver of Claims Against the Estate.** Except as provided in section 2 with regard to the enforcement of its rights and remedies pursuant to the terms of the Assignment Agreement, ICB hereby waives any other claims it holds or may hold, whether filed or not, against the Estate, including but not limited to any claim it may be entitled to pursuant to 11 U.S.C. § 502(h) as a result of the Payment.

4.  **Mutual Releases.**

    a.  By Trustee:

    Except as otherwise provided in this Agreement, Trustee on behalf of himself and his respective assigns, successors, administrators, executors, heirs, beneficiaries, agents, officers, directors, employees, affiliates, professionals, and representatives hereby releases and forever discharges all claims, rights, demands, damages, actions, causes of action, costs, expenses, and suits of law or in equity which the Estate has held, now holds or hereafter may hold against ICB, and each of its respective assigns, successors, administrators, executors, heirs, beneficiaries, agents, officers, directors, employees, affiliates, professionals, attorneys, trustees, and representatives, including but not limited to any and all claims pursuant to 11 U.S.C. §§ 544, 545, 547, 548, 550 and 553.

    b.  By ICB:

    Except as otherwise provided in this Agreement, ICB on behalf of itself and each of its respective assigns, successors, administrators, executors, agents, officers, directors, employees, affiliates, professionals, trustees, and representatives hereby releases and forever discharges all claims, rights, demands, damages, actions, causes of action, costs, expenses, and suits of law or in equity which it has held, now holds, or hereafter may hold against the Trustee and each of his respective assigns, successors, administrators, executors, heirs, beneficiaries, agents, officers, directors, employees, affiliates, professionals, attorneys, and representatives.

    c.  Scope of Releases:

    The Parties understand that the release of claims set forth in this Agreement covers claims within the areas specified which the parties have knowledge of and those which they may not know about. The Parties expressly waive all rights under Section 1542 of the California Civil Code, which section the parties have read and understand, and which provides as follows:

>Section 1542. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him must have materially affected his or her settlement with the debtor.

Notwithstanding the foregoing, the releases set forth herein shall not apply to executory obligations under this Agreement, and shall have no effect upon any documents or acts necessary to accomplish the terms and intent of this Agreement.

5. <u>Approval of the Bankruptcy Court</u>. The effectiveness of this Agreement is expressly conditioned upon the entry by the Court of an order approving this Agreement. The Trustee shall cause a motion to be filed with the Court and served upon appropriate persons seeking approval of this Agreement after it is fully executed by the Parties. Moreover, ICB shall reasonably assist the Trustee in obtaining Court approval of the Agreement.

6. <u>Binding upon Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto.

7. <u>Representations and Warranties</u>. The Parties represent and warrant as follows:

   a. Each Party has received independent legal advice from attorneys of its choice with respect to the advisability of making this settlement and executing this Agreement;

   b. Except as expressly stated in this Agreement, no Party has made any statement or representation to any other Party regarding any fact, which statement or representation is relied upon by any other Party in entering into this Agreement. In connection with the execution of this Agreement or the making of the settlement provided for herein, no Party to this Agreement has relied upon any statement, representation or promise of any other Party not expressly contained herein;

   c. There are no other agreements or understandings between the Parties hereto relating to the matters referred to in this Agreement;

   d. The terms of this Agreement are contractual and are the result of negotiations between the Parties;

   e. This Agreement has been carefully read by each of the Parties and the contents thereof are known and understood by each of the Parties;

   f. Any statute or rule of construction that ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement.

8. <u>Survival of Warranties</u>. The representations and warranties contained in this Agreement are deemed to and do survive the execution hereof.

9. <u>Severability</u>. Should any portion, word, clause, phrase, sentence or paragraph of this Agreement be declared void or unenforceable, such portion may be considered independent and severable from the remainder, the validity of which shall remain unaffected.

10. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the internal substantive laws of the State of California, without giving effect to the principles of conflicts of law thereof, and applicable bankruptcy law. Each of the Parties to this Agreement agrees that any dispute, claim or controversy arising out of or relating to this Agreement shall be heard in the Court and that the Court has exclusive jurisdiction thereof.

11. <u>Warranty of Authority</u>. Each Party whose signature is affixed hereto in a representative capacity represents and warrants that s/he is authorized to execute this Agreement on behalf of and to bind the entity on whose behalf his/her signature is affixed.

12. <u>Captions</u>. The captions of the paragraphs of this Agreement are for convenience only and shall not be considered or referred to in resolving questions of construction and/or interpretation.

13. <u>No Waiver</u>. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor should any waiver or relinquishment of any right or power contained in this Agreement, at any one time or more times, be deemed a waiver or relinquishment of any right or power at any other time or times.

14. <u>Complete Agreement</u>. This Agreement supersedes any and all other agreements, understandings, negotiations or discussions, either oral or in writing, express or implied between the Parties concerning settlement. The Parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them or any of them, or anyone acting on their behalf which are not embodied in this Agreement, that they have not executed this Agreement in reliance on a representation, inducement, promise, agreement or warranty, and that no representation, inducement, promise, agreement or warranty not contained in this Agreement including, without limitation, any purported supplements, modifications, waivers or terminations of this Agreement shall be valid or binding, unless executed in writing by all of the Parties to this Agreement.

15. <u>Further Assurances</u>. The Parties agree to perform such acts and to prepare, execute, deliver, file, and record any documents or agreements reasonably required to perform the covenants in this Agreement, to satisfy the conditions in this Agreement, or to give full force and effect to this Agreement.

16. <u>Attorneys' Fees</u>. If any action or proceeding is brought to enforce this Agreement, the prevailing Party shall be entitled to all of its costs in bringing and prosecuting such action to enforce the Agreement, including reasonable attorneys' fees.

17. <u>Counterparts and Execution</u>. This Agreement may be signed in one or more counterparts, each of which shall be deemed an original. This Agreement shall be deemed fully executed when all Parties have executed one of the counterparts, even if no single counterpart bears all such signatures.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

April May 19, 2009

_____
David Seror
Chapter 7 Trustee for the estate of
Automated Finance Corporation

April ___, 2009              INTERNATIONAL CITY BANK

                             By: _____
                             Its: _____

BN 3405618v2                       5

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into by and between David Seror (the "Trustee"), solely in his capacity as the chapter 7 trustee for Automated Finance Corporation ("Debtor"), InSouth Funding, Inc. ("Funding") and InSouth Bank ("Bank"). The Trustee, Funding and Bank shall be referred to individually as "Party" and collectively as the "Parties".

## RECITALS

A.   On June 26, 2008 an involuntary chapter 7 petition was filed for Debtor in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Court"), commencing bankruptcy case number 1:08-bk-14339 MT.

B.   Thereafter, the Trustee was appointed and remains the duly appointed and acting chapter 7 trustee of the Debtors' bankruptcy estate (the "Estate").

C.   Funding has asserted a perfected security interest in the funds held in Debtor's account with Bank, account #102362401 (the "Account") pursuant to that certain Assignment, Security and Account Control Agreement dated February 28, 2008 entered into by and between Funding, Bank and Debtor (the "Security Agreement"). The Security Agreement is asserted to secure the indebtedness under that certain Master Purchase and Sale Agreement dated September 24, 2007 entered into by and between Funding and Debtor (the "Sale Agreement" and together with the Security Agreement, the "Loan Documents").

D.   On or about July 30, 2008, Funding exercised its rights under the Sale Agreement by directing Bank to transfer the funds in the Account to Funding for application to the indebtedness of Debtor.

E.   The Trustee contends that Funding did not perfect its security interest in the Account and the transfer of the funds from the Account to Funding was a violation of the automatic stay, and as a result the transfer is void and recoverable by the Estate.

F.   The Parties have decided to settle all disputes relating to the transfer of funds and enter into this Agreement, which provides, among other conditions, for the payment by Funding of $5,000 to the Trustee in exchange for a release of all claims and causes of action that the Estate may hold against Funding and Bank.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals, the mutual undertakings contained in this Agreement, and other good and valuable consideration, the Parties agree as follows:

BN 3453015v2

1

**EXHIBIT 2**

1. **Payment.** Funding shall pay to the Trustee the total sum of Five Thousand Dollars ($5,000) (the "Payment") within 10 days of entry of an order by the Court approving this fully executed Agreement. The Payment shall be made by cashier's check made payable to "David Seror, Chapter 7 Trustee" and delivered to his attorney of record in the time herein provided.

2. **Relief From Stay.** Funding shall be granted relief from the stay of 11 U.S.C. § 362, nunc pro tunc to June 26, 2008, to exercise its rights and remedies pursuant to the terms of the Loan Documents and other related documents, including the right to reduce the obligations owed by Debtor to Funding by applying the funds held in the Account.

3. **Waiver of Claims Against the Estate.** Except as provided in section 2 with regard to the enforcement of its rights and remedies pursuant to the terms of the Loan Documents, Funding hereby waives any other claims it holds or may hold, whether filed or not, against the Estate, including but not limited to any claim it may be entitled to pursuant to 11 U.S.C. § 502(h) as a result of the Payment.

4. **Mutual Releases.**

   a. By Trustee:

   Except as otherwise provided in this Agreement, Trustee on behalf of the Estate, himself and his respective assigns, successors, administrators, executors, heirs, beneficiaries, agents, officers, directors, employees, affiliates, professionals, and representatives hereby releases and forever discharges all claims, rights, demands, damages, actions, causes of action, costs, expenses, and suits of law or in equity which the Estate has held, now holds or hereafter may hold against Funding and/or Bank, and each of its respective assigns, successors, administrators, executors, heirs, beneficiaries, agents, officers, directors, employees, affiliates, professionals, attorneys, trustees, and representatives, including but not limited to any and all claims for violation of the automatic stay pursuant to 11 U.S.C. § 362 and any and all claims pursuant to 11 U.S.C. §§ 544, 545, 547, 548, 550 and 553.

   b. By Funding and Bank:

   Except as otherwise provided in this Agreement, Funding and Bank on behalf of themselves and each of thier respective assigns, successors, administrators, executors, agents, officers, directors, employees, affiliates, professionals, trustees, and representatives hereby releases and forever discharges all claims, rights, demands, damages, actions, causes of action, costs, expenses, and suits of law or in equity which it has held, now holds, or hereafter may hold against the Trustee and each of his respective assigns, successors, administrators, executors, heirs, beneficiaries, agents, officers, directors, employees, affiliates, professionals, attorneys, and representatives.

   c. Scope of Releases:

BN 3453015v2                                        2

The Parties understand that the release of claims set forth in this Agreement covers claims within the areas specified which the parties have knowledge of and those which they may not know about. The Parties expressly waive all rights under Section 1542 of the California Civil Code, which section the parties have read and understand, and which provides as follows:

> Section 1542. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Notwithstanding the foregoing, the releases set forth herein shall not apply to executory obligations under this Agreement, and shall have no effect upon any documents or acts necessary to accomplish the terms and intent of this Agreement.

5.  <u>Approval of the Bankruptcy Court</u>. The effectiveness of this Agreement is expressly conditioned upon the entry by the Court of an order approving this Agreement. The Trustee shall cause a motion to be filed with the Court and served upon appropriate persons seeking approval of this Agreement after it is fully executed by the Parties. Moreover, Funding and Bank shall reasonably assist the Trustee in obtaining Court approval of the Agreement.

6.  <u>Binding upon Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto.

7.  <u>Representations and Warranties</u>. The Parties represent and warrant as follows:

   a.  Each Party has received independent legal advice from attorneys of its choice with respect to the advisability of making this settlement and executing this Agreement;

   b.  Except as expressly stated in this Agreement, no Party has made any statement or representation to any other Party regarding any fact, which statement or representation is relied upon by any other Party in entering into this Agreement. In connection with the execution of this Agreement or the making of the settlement provided for herein, no Party to this Agreement has relied upon any statement, representation or promise of any other Party not expressly contained herein;

   c.  There are no other agreements or understandings between the Parties hereto relating to the matters referred to in this Agreement;

   d.  The terms of this Agreement are contractual and are the result of negotiations between the Parties;

BN 3453015v2                                3

e.  This Agreement has been carefully read by each of the Parties and the contents thereof are known and understood by each of the Parties;

f.  Any statute or rule of construction that ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement.

8.  Survival of Warranties. The representations and warranties contained in this Agreement are deemed to and do survive the execution hereof.

9.  Severability. Should any portion, word, clause, phrase, sentence or paragraph of this Agreement be declared void or unenforceable, such portion may be considered independent and severable from the remainder, the validity of which shall remain unaffected.

10. Governing Law. This Agreement shall be governed by and construed in accordance with the internal substantive laws of the State of California, without giving effect to the principles of conflicts of law thereof, and applicable bankruptcy law. Each of the Parties to this Agreement agrees that any dispute, claim or controversy arising out of or relating to this Agreement shall be heard in the Court and that the Court has exclusive jurisdiction thereof.

11. Warranty of Authority. Each Party whose signature is affixed hereto in a representative capacity represents and warrants that s/he is authorized to execute this Agreement on behalf of and to bind the entity on whose behalf his/her signature is affixed.

12. Captions. The captions of the paragraphs of this Agreement are for convenience only and shall not be considered or referred to in resolving questions of construction and/or interpretation.

13. No Waiver. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor should any waiver or relinquishment of any right or power contained in this Agreement, at any one time or more times, be deemed a waiver or relinquishment of any right or power at any other time or times.

14. Complete Agreement. This Agreement supersedes any and all other agreements, understandings, negotiations or discussions, either oral or in writing, express or implied between the Parties concerning settlement. The Parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them or any of them, or anyone acting on their behalf which are not embodied in this Agreement, that they have not executed this Agreement in reliance on a representation, inducement, promise, agreement or warranty, and that no representation, inducement, promise, agreement or warranty not contained in this Agreement including, without limitation, any purported supplements, modifications,

waivers or terminations of this Agreement shall be valid or binding, unless executed in writing by all of the Parties to this Agreement.

15. Further Assurances. The Parties agree to perform such acts and to prepare, execute, deliver, file, and record any documents or agreements reasonably required to perform the covenants in this Agreement, to satisfy the conditions in this Agreement, or to give full force and effect to this Agreement.

16. Attorneys' Fees. If any action or proceeding is brought to enforce this Agreement, the prevailing Party shall be entitled to all of its costs in bringing and prosecuting such action to enforce the Agreement, including reasonable attorneys' fees.

17. Counterparts and Execution. This Agreement may be signed in one or more counterparts, each of which shall be deemed an original. This Agreement shall be deemed fully executed when all Parties have executed one of the counterparts, even if no single counterpart bears all such signatures.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

May 19, 2009

_____
David Seror
Chapter 7 Trustee for the estate of
Automated Finance Corporation

May 6, 2009

INSOUTH FUNDING, INC.

_____
By: HELENA A. DABROWSKI
Its: PRESIDENT/CEO

May 7, 2009

INSOUTH BANK

_____
By: DAVID PRINCE
Its: COO/CFO

BN 3453015v2                                    5

18

1

| In re: AUTOMATED FINANCE CORPORATION fka AUTOMATED FINANCIAL, LLC, dba Out of BK.com; dba 520debt.com; dba Calabasas Financial Center Mortgages; dba FHA1FHA.com, Debtor(s). | CHAPTER 7 <br> CASE NUMBER 1:08-bk-14339-MT |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367**

The foregoing document described **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID SEROR IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 29, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On June 29, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 29, 2009 | Jennifer Long | /s/ Jennifer Long |
|---|---|---|
| Date | Type Name | Signature |

| In re: AUTOMATED FINANCE CORPORATION fka AUTOMATED FINANCIAL, LLC, dba Out of BK.com; dba 520debt.com; dba Calabasas Financial Center Mortgages; dba FHA1FHA.com, Debtor(s). | CHAPTER 7<br>CASE NUMBER 1:08-bk-14339-MT |
|---|---|

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Bernard D Bollinger    bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Donna L La Porte    vcorbin@wrightlegal.net, gtran@wrightlegal.net
- Elmer D Martin    elmermartin@msn.com
- Aron M Oliner    roliner@duanemorris.com
- George E Schulman    GSchulman@DGDK.Com
- David Seror    kpscion@ecjlaw.com, dseror@ecf.epiqsystems.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL**

| | |
|---|---|
| Presiding Judge<br>Honorable Maureen M. Tighe<br>U.S. Bankruptcy Court<br>21041 Burbank Boulevard, Suite 325<br>Woodland Hills, CA 91367 | |
| Request for Special Notice<br>Attys for Claimant/Secured Cred. East West Bank<br>Curtis C. Jung, Esq., Clifford P. Jung, Esq.<br>Monica H. Lin, Esq.<br>Jung & Yuen, LLP<br>888 South Figueroa Street, Suite 720<br>Los Angeles, CA 90017 | Request for Special Notice<br>Attorneys for Creditors<br>Jean-Jacques Dalpe, Genevieve L. Dalpe<br>Paula E. Meyer, Esq.<br>Paula E. Meyer & Associates APC<br>730 E. Chapman Avenue<br>Orange, CA 92866 |
| Request for Special Notice<br>Attorneys for American Nat'l Insurance Company<br>Alfred M. Clark, Esq.<br>Brandon J. Witkow, Esq.<br>Amber L. Harley, Esq.<br>Locke Lord Bissell & Liddell LLP<br>300 South Grand Avenue, Suite 800<br>Los Angeles, CA 90071 | Request for Special Notice<br>Attorneys for Clear Channel Broadcasting, Inc. and Emmis Radio LLC<br>Allan Herzlich, Esq.<br>Marta Peczat, Esq.<br>Herzlich & Blum, LLP<br>15760 Ventura Blvd., Suite 2024<br>Encino, CA 91436-3095 |