

FILED & ENTERED

DEC 22 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY marshall  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 1:08-bk-14339-MT |
| Automated Finance Corporation, | Chapter: 7 |
| | **MEMORANDUM OF LAW** |
| | **Re: Flagstar Bank's Motion for Reconsideration of Order Approving Settlement Agreement** |
| Debtor(s). | Date: November 18, 2009<br>Time: 10:00 AM<br>Location: Courtroom 302 |

## I. Issue

Flagstar bank's ("Flagstar") motion presents the issue should the court clarify an order approving a settlement agreement or should the court reconsider the order approving the settlement agreement. As discussed below, clarification and/or reconsideration is not proper in this case.

## II. Background

In July of 2008, a number of creditors filed an involuntary petition against Automated Finance Corporation ("debtor" or "Automated Finance"). Automated Finance was in the home loan business: investing in properties, lending money to borrowers, selling loans and deeds of trust to lending institutions. The petitioning creditors alleged that Automated Finance failed to repay loans made to the company. Debtor stipulated to relief and the court subsequently appointed David Seror ("trustee") as trustee for the estate. Trustee Seror almost immediately filed an adversary proceeding to bring Automated Finance's principal, Nurit Petri, into the

estate. Ms. Petri heavily contested this proceeding. The parties eventually stipulated to bring Ms. Petri and other related companies into the estate. The settlement came up for court approval on September 16, 2009.

The settlement had many provisions. As part of the settlement, Ms. Petri would pay the trustee $150,000 plus proceeds from the sale of liquor licensees. Trustee did not require that Ms. Petri file schedules, the trustee agreed not to object to discharge, and Ms. Petri exempted partially disclosed interests in income, clothes, cars, jewelry. Paragraph 7(e) of the agreement states that the order approving the agreement shall be controlling regarding the exemptions to the exempt property and shall be binding on the trustee, any successor trustee, as well as on all creditors and interested parties of the Debtor and consolidated parties.

Many parties objected to the agreement. Flagstar did not object. One party, the Dalpes, objected to the exemptions. The Dalpes objected to the amount of property that the trustee agreed to exempt and to the limited disclosure of what property Ms. Petri retained. No party brought up the issue of whether the exemptions would prevent creditors with non-dischargeable judgments from collecting against exempt property. The court considered the objections but determined that the trustee met the test laid out in *A&C Properties*. In approving the settlement, the court made sure that creditors could file non-dischargeability actions and could object to Ms. Petri's discharge. The court made clear that the proposed settlement settled claims between the trustee and Ms. Petri. On October 9, 2009, the court issued the order approving the settlement. The order did not mention the exemptions and the issue of whether creditors could object to the exemptions in the future was never directly ruled on.

On October 15, 2009, Flagstar Bank filed a motion to reconsider/clarify the order approving the settlement agreement.

### III. Clarification

Flagstar argues that the court must clarify the order, because the settlement and order are ambiguous as to the scope of the allowed exemptions. Flagstar argues that at the time the court considered the settlement Flagstar believed that Section 7 of the settlement only exempted property for purposes of the bankruptcy case, and creditors with non-dischargeability judgments could collect against the exempt property. Flagstar argues that it

- 2 -

later became aware of another potential interpretation -- that the settlement terms prevent all collection efforts against the exempted property. Flagstar argues that the court must clarify the order to make clear what interpretation applies. Flagstar argues that it needs an immediate decision because it must decide whether to file a non-dischargeability action against Ms. Petri. Flagstar further argues that this interpretation will influence its decision as to whether to appeal the order approving the settlement. The trustee takes the position that Flagstar does not have standing to request reconsideration or clarification because it is not party to the settlement. The trustee further argues that clarifying this order amounts to an unconstitutional advisory opinion because there is no attempt, at present, to collect on exempt property. Ms. Petri argues that the order does not need clarification because it is clear that the settlement exempts the property in all future proceedings.

The parties do not reference cases that lay out a standard for when the court should clarify it own order and the court on its own can find few cases that provide any guidance for when a court should or must clarify its own order. The cases that do exist suggest that a court should not interpret a settlement or decree before there is an actual controversy before the court. *See United States of America V. Western Electric Co., Inc.* 846 F.2d 1422, 1431, 1435 (D.C. Cir. 1988)(Majority and dissenting opinions agreed that the district court, in the absence of an actual controversy, should not provide an interpretation of a consent degree).[1] These cases suggest that a court evaluating a motion to clarify should determine if such clarification is ripe for adjudication. A court evaluating ripeness must evaluate the fitness of the issues for judicial decision and the hardship to the parties of withholding judicial consideration. *Colwell v. HHS*, 558 F.3d 1112, 1123-1124 (9th Cir. 2008).

Clarification is not appropriate here because Flagstar does not have a judgment, non-dischargeable or otherwise, and Flagstar has not attempted to collect on Ms. Petri's assets. Thus, if the court attempted to clarify the order it would be doing so in a vacuum. According to the submitted papers, more than ten creditors have expressed interest in filing non-

---

[1] The trustee's arguments that Flagstar lacks standing reaches too far. A creditor has standing to object to a settlement or request clarification of an order. A creditor has standing to contest or appeal an order if it is a "person aggrieved" by the bankruptcy court's order. *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999). Flagstar bank is likely a creditor to the estate and was affected by the settlement.

dischargeability actions against Ms. Petri. If the court were to interpret the settlement as to creditors holding non-dischargeable judgments it would have to delve into the settlement language and possibly look at the circumstances surrounding all ten potential non-dischargeability actions.[2] In effect, the court would be ruling on an affirmative defense to collection efforts that Flagstar may attempt once it obtains a judgment that it may be entitled too. This is not an issue properly before the court.

Further Flagstar will not be prejudiced by waiting for an actual dispute to arise. If Flagstar obtains a non-dischargeable judgment against Ms. Petri and attempts to collect against assets declared exempt, the issue will be properly before the court. At that time, parties can argue whether the language of the settlement precludes collection against the assets listed in section 7 of the settlement agreement. Parties can argue, in the alternative, that the trustee lacked the authority to enter into a settlement barring creditor collection or the court lacked authority to shield such assets against non-dischargeable judgments, preventing Ms. Petri's interpretation of the settlement agreement.

If Flagstar chose to object to the approval of the settlement or at least note for the court that it did not object if section 7 had no implications for creditors with non-dischargeability judgments, then the court could have looked at the issue and determined whether further clarification was necessary or whether the settlement should be approved. Flagstar, however, remained silent. Clarification at this juncture, for the reasons described above, is not appropriate. If and when a dispute arises, the court will interpret the settlement's legal effect.

## IV. Reconsideration

Reconsideration, under Federal Rule of Civil Procedure 59, is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School District No.1J, Moltnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993). Federal Rule

---

[2] Flagstar argues that issuing a definitive ruling would be a simple matter of interpreting the legal effect of the settlement. It is unclear that the issue is that simple. The matter may require further factual analysis and the settlement might impact non-dischargeable creditors differently. While this appears unlikely given the nature of the potential non-dischargeability actions, it is a reasonable possibility.

of Civil Procedure 60(b) allows the court to relieve a party or its legal representative from a final judgment, order proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; judgment has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

None of those factors are present in this case. Flagstar presents no newly discovered evidence. Flagstar argues that reconsideration is appropriate in this case because, post-hearing, Flagstar found out from trustee that the settlement might bar a creditor, with a non-dischargeable claim, from ever collecting against Ms. Petri's exempt assets. Flagstar argues that the trustee's statement is similar to newly discovered evidence.

This argument is not persuasive. A party's statements as to how the settlement should be interpreted do not amount to new evidence. Prior to the hearing, Flagstar's counsel could and should have considered all potential interpretations of the agreement and objected to the agreement if he believed that the settlement could prejudice Flagstar.

Flagstar next argues that the settlement is invalid because the trustee and Ms. Petri had different ideas about what actions the settlement entails. Flagstar indicates that the trustee believes that the settlement does not preclude a creditor, with a claim excepted from discharge, from pursuing the property exempted in the settlement agreement. Flagstar indicates that Ms. Petri's counsel believes that the bankruptcy exemptions preclude collection against any exempt asset. This is the first time that this issue has been raised. There is no evidence that Flagstar bank made an effort, before the settlement hearing, to determine if the trustee and Ms. Petri had a meeting of the minds. Flagstar relies on *In re Trism*, for the proposition that a court should not approve the compromise where there has been no meeting of the minds. 286 B.R. 744 (Bankr. W.D.MO 2002). *Trism*, however, differs significantly from

the instant case. The *Trism* court refused to approve the settlement because there was not a real conflict of the debtor and the creditor, the parties did not consider the impact on the other creditors, the debtor did not look at the creditor's claimed liens, and the creditor and the debtor argued that the settlement would have fundamentally different effects. *Id.* at 752-753. In this case, there was a very real conflict between Ms. Petri and the trustee. The parties litigated the substantive consolidation issue for more than a year; the trustee explicitly considered the impact that the agreement would have on other parties; and the trustee evaluated Ms. Petri's claims. Parties, post settlement, having different positions on how the settlement will apply in a hypothetical situation, are not grounds to overturn the settlement agreement or find that minds never met.

Flagstar further argues the court should not have approved the settlement because it does not meet the fair and equitable requirement. The settlement, with its increased exemptions, impinges on the rights of the creditors that have potentially non-dischargeable claims. The court, in approving the settlement, considered the rights of unsecured creditors and found it fair and equitable. Specifically, without this settlement Ms. Petri would not be a debtor before this court. The trustee would not have authority to avoid fraudulent transactions, the trustee would not have the significant amount of real estate that the settlement brought into the case, and the estate would still be expending money to bring Ms. Petri into the estate. The avoidance powers and real estate could bring money into the estate, leading to a possible dividend for unsecured creditors. Liens on the real estate might be avoided, leading to equity for unsecured creditors. Given the situation, the settlement was fair and equitable for the entire creditor body. Flagstar presents no new evidence to have the court reconsider this decision.

For the above reasons, Flagstar's motion is DENIED.

DATED: December 22, 2009

*[signature: Maureen A. Tighe]*

United States Bankruptcy Judge

- 6 -

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OF LAW Re: Flagstar Bank's Motion for Reconsideration of Order Approving Settlement Agreement**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- John B Acierno    ecfcacb@piteduncan.com
- Bernard D Bollinger    bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Richard Burstein    rburstein@ebg-law.com, ecf@ebg-law.com
- Joseph H Catmull    jhc@marcin.com
- Ellen Cha    echa@piteduncan.com, ecfcacb@piteduncan.com
- Aaron De Leest    aed@dgdk.com
- Jesse S Finlayson    jfinlayson@faw-law.com, wmills@faw-law.com
- Parisa Fishback    ecfcacb@piteduncan.com
- Daniel H Gill    ecf@ebg-law.com, dgill@ebg-law.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Kenneth R Graham    krg@elaws.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Ira Benjamin Katz    Ikatz@katzlaw.net
- Raffi Khatchadourian    raffi@hemar-rousso.com
- Donna L La Porte    vcorbin@wrightlegal.net, gtran@wrightlegal.net
- Steven M Lawrence    generalmailaswlawoffice.com@alvaradoca.com
- William Malcolm    bill@mclaw.org
- Elmer D Martin    elmermartin@msn.com
- Aron M Oliner    roliner@duanemorris.com
- Natella Royzman    nroyzman@rdwlawcorp.com
- Kenneth N Russak    krussak@frandzel.com, banderson@frandzel.com;efiling@frandzel.com
- Edward G Schloss    egs2@ix.netcom.com
- George E Schulman    GSchulman@DGDK.Com
- David Seror    kpscion@ecjlaw.com, dseror@ecf.epiqsystems.com

- Yaron Shaham    yshaham@wolfewyman.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Corey R Weber    ecf@ebg-law.com, cweber@ebg-law.com
- Brandon J Witkow    bwitkow@lockelord.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Larry M Bakman
10100 Santa Monica Blvd Ste 300
Los Angeles, CA 90067

Alfred M Clark
300 S Grand Ave Ste 800
L A, CA 90071

Gay Lee Ellis
6958 Lazy Sunset Ct
Las Vegas, NV 89156

Emmis Radio LLC
Herzlich & Blum LLP
15760 Bentura Blvd Ste 2024
Encino, CA 91436-3095

Linda S Fang
20 N Raymond Ave Ste 240
Pasadena, CA 91103

Jan Geller
1649 S Hobart Blvd
Los Angeles, CA 90006

Mallory Geller
1649 S Hobart Blvd
Los Angeles, CA 90006

Steven T Gubner
Ezra Brutzkus Gubner LLP
21650 Oxnard St Ste 500
Woodland Hills, CA 91367

Allan Herzlich
15760 Ventura Blvd Ste 2024
Encino, CA 91436

Curtis C Jung
888 S Figueroa St Suite 720
Los Angeles, CA 90017

P Kurt Peterson
Peterson Weyand & martin LLP
49 Stevenson St 10th Fl
San Francisco, CA 94105

R L Spear Co
5655 Lindero Canyon Rd Ste 521
Westlake Village, CA 91362

Anne Mary Tramble
1610 Fermoore Dr
San Fernando, CA 91340

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page